May it please the court, good morning. I'm David Zugman. I'm here on behalf of Donnell Delgado. I guess it's 15-year-old's day at the court. This is a very troubling case. I get appointed cases every couple of weeks, and the first time I saw Mr. Delgado was over at the GEO facility. He was in segregation, and I asked him how he ended up where he ended up, and he began to tell me about his prior conviction, about what had happened, and it occurred to me that something was very, very wrong in what had happened to him. It could only happen to someone like Donnell Delgado, a poor minority kid with an 86 IQ, a kid who was arrested and charged with rape, even though the officers knew that wasn't the case. They knew that they could get him to admit that he had sex with his girlfriend on Valentine's Day in 2005, and he did. So he admits to that because he figured, look, I'm just telling the truth. They arrest him. They put him in custody. They charge him as an adult for reasons that are unknown to me. If you look at the plea agreement, the plea agreement says that this is not dangerous, not repetitive. It was an instance of a 15-year-old. I mean, essentially, I don't know about your honors, but I started high school when I was 12, so it was two people who could be in the same school, and I quoted, to your honors, these statistics. I mean, I have children myself, and I don't think it would be a good idea for them to begin engaging in sexual behavior before they're adults, but it appears that more than one in 20 do that, and we know that from the CDC statistics. We know that from the abortion rates. It is an enormous number of people who could be deemed sex offenders for engaging in what I think we all have to admit is biologically normal behavior. It's not good behavior. It's not preferred behavior, but it isn't deviant behavior. So, of course, I have all this good stuff, all these good equities, and the question is, can I get to them? Can I advance that far? And I thank your honors for leaving this argument on because I expected, I fully expected that I would be getting a notice taking me off, and I think it should remain on because this really is a different kind of law. SORNA, the Sex Offender Registration and Notification Act, isn't like an ordinary criminal law. It is administrative. The Supreme Court has told us that. That's why it survives ex post facto review. That's what supposedly makes it constitutional is that it's an administrative regime. So, practicing in the Southern District, of course, my bread and butter is illegal entry cases. That's probably half of what I do, and it struck me that in United States v. Mendoza-Lopez, we give defendants a pretrial right to challenge their deportations. We say, hey, look, if you think you were deported wrongfully, you can challenge that. You can bring an argument up and say, my deportation was illegal. And so, I admit from the get-go that my analogy is imperfect. However, what I am trying to say, what I am trying to elucidate, to your honors, is that there is a certain type of behavior that you can't make someone a sex offender for engaging. I mean, this is the kind of behavior. If Donnell Delgado was anyone, like anyone in this courtroom, this would have never happened to him. Counsel, at this point, you've now told us that you don't think that we can make him a sex offender. So, you want us to find him factually, you want us to find him what, factually innocent? I don't think you could. That's different from what I thought your problem was. I thought you wanted to argue that he had been given ineffective assistance of counsel. It was sort of a Padilla v. Kentucky kind of problem, that if he had realized what the consequences were, he never would have pled guilty, and that probably somebody would have pled him out into something lesser that wouldn't require him to register as a sex offender. That's very different from asking us to go back and say, no, this is not the kind of thing for which you can punish someone. I don't think that your honors have jurisdiction to require Arizona to remove that prior conviction. I don't know how that would occur. But what I do know is that what's being applied to Mr. Delgado right now is SORNA. It's a federal statute. And what I'm saying is the conviction that makes him eligible for SORNA shouldn't be... So, you're saying that this is not a collateral attack on the state conviction. It's a direct attack on the application of SORNA in the federal district court that resulted in the specific conviction before us? That's exactly right, your honor. And you're saying in a sense that it is a violation of the United States Constitution to require, as Congress has, that someone who has sexual intercourse with someone three years younger than he is, when both are in school, require them to register for life and accept the collateral consequences thereof. So that's the claim? Yes, your honor. And that comes under what? The due process clause? Is it a substitute due process claim? Yeah, I think it's probably analogous to Loving v. Virginia. I think we can look back at many, many, many laws that our country has had over the years, which turned out to be just wrongheaded, just biologically ignorant. Did that argument appear anywhere in the brief? I hope so. Yes, I think so, your honor. My argument proceeded in two phases. The first phase was the Mendoza-Lopez analogy. The second phase was this is biological... A collateral attack. Well, I mean, it is correct that all I'm talking about is whether Arizona should have... I mean, there are many red flags with what Arizona did to Mr. Delgado. But what I'm mainly saying is you cannot deem someone a lifetime sex offender, or even a sex offender at all, for doing what Mr. Delgado did. I think Congress doesn't have that right. I mean, for the longest time, I mean, there are still members of the court that believe that there shouldn't be things like gay marriage, right? That has been a hot-button issue, I understand. And there are people who have been previously prosecuted under such laws. And theoretically, folks could be deemed sex offenders based upon those kind of laws. And what I'm asking you, your honor, to do, and I know it's a big step. What I'm asking you to do... You're swinging for the fences. Maybe beyond. So is loving your best case? I think so. I mean, I think my best arguments are even more core. They're more central. It is just basically the right... It has to be substantive due process, not procedural due process. Correct. I mean, it's obvious. It's a slightly narrower version of this. So you're only swinging for the fences up to the third deck out there in the left field would be that Arizona is free to do this, but the federal government is not free to attach lifetime consequences to this. I think that's right. And I've talked to Mr. Delgado about whether he wants to go back to Arizona and go into the court and say, look, I should never have pled guilty. This was an extremely unfortunate circumstance. But he doesn't have any money. He's poor. He is literate, but that is a very generous description. If the U.S. can't punish it, how is it that Arizona can punish it? Well, I don't think... If I were the lawyer, I would be arguing that Arizona cannot punish it. But even if they could punish it, I don't think they could make someone a sex offender for life. I think that is subject to a higher form of review. So the focus now is not on the underlying conviction, the truth or falsity of whatever the predicate was for that. The focus is on lifetime registration. Yes. And as applied analysis, the contention is that due process puts limitations on how long a person can be administratively required to register. Yes. I mean, if Arizona comes up with a law and says, hey, look, if two sub-adults kiss, they are now sex offenders. I don't think this court would be comfortable saying, okay, well, Arizona has made that determination, and as a consequence, you guys are now subject to SORNA. I think there have to be limitations. And I wish that Mr. Delgado had more aggressively litigated his case in Arizona, but I understand that the 16-year-old from the single-parent household who was arrested and charged as an adult for reasons that escape me and is told, here, sign up for a lifetime sex offender, and we'll let you out. It's just what happened here was odious, and I know Judge Lorenz was sympathetic to Mr. Delgado. That's why he got the sentence he did. I believe that the prosecutor in the case, the original prosecutor, Ms. Meister, was sympathetic to him. It's just somebody's got to derail this train. It can't be me. Well, you can lie down on the track. Let's hear from the other side. Thank you, Your Honor. Good morning, Your Honors. Amanda Griffith for the United States on this matter. I would like to clarify a factual distinction in this particular case. The defendant is not required to register for life under SORNA. The lifetime registration requirement is directly tied to his conviction in Arizona. It's the state of Arizona that has said he has to register as a sex offender for life. Pursuant to SORNA, it's undisputed, as was litigated down in the district court with Mr. Zugman on behalf of Mr. Delgado, that Mr. Delgado's conviction qualifies for what we consider Tier 1 under SORNA. And under that statutory scheme, the defendant is only required to comply with his federal registration requirements for a period of 15 years. His lifetime registration ties directly to his conviction. To the extent that the government might believe that Mr. Zugman has now raised a substantive due process, fundamentally the argument about whether or not an individual, a child, can have sex with another child lies with the particular state in this case of Arizona. They have decided under no set of circumstances can somebody consent to having sex with a 12-year-old. And, in fact, as a prosecutor who's been doing child exploitation cases for well over a decade, I'm not aware of any state in the union that allows any sort of sexual activity or sexual conduct with a 12-year-old, regardless of how old that individual defendant is. And in this case … In the overwhelming majority of jurisdictions, the 15-year-old would be prosecuted as a juvenile. The record would be sealed. He wouldn't have to alert the community to the fact of his conviction wherever he might go. Now, Your Honor, I agree that Mr. Delgado is not necessarily the poster child for SORN and why we have these types of cases, but ultimately that's a question for the District of Arizona. And to the extent that Mr. Zugman is raising a collateral attack challenge, that also lies best with the District of Arizona. The state district court that heard his conviction, the defense attorney that was appointed, because this is not a Gideon v. Wainwright issue where this defendant was without counsel. He had counsel. He represented in court in all the pleadings that he understood what was going on. So the defendant's self-serving statements now to Mr. Zugman when he's facing a Federal conviction, based on that related State conviction, is belied by the plain language of the statute. Or the record. Didn't the prosecutor in Arizona indicate that this is not a repetitive act, this is not a dangerous act, and all that kind of thing?  The attitude of the prosecutors towards this particular activity. Understood, Your Honor. But then they turned around and agreed to an agreed sentence of lifetime probation, which does speak to the fact that maybe this defendant did need to be viewed for a period of time. This was not a fixed sentence of 180 days in jail or a limited time period. It was a period of time until he's 86 years old. Should he live so long? I understand, Your Honor. Period of time is sort of an anodyne description of what this guy was sentenced to. Fair enough, Your Honor. And my argument would be is the fact that there is a remedy. Your Honors have heard at least two habeas petitions and three reviews involving Board of Immigration decisions, which implies the fact that there is a process and a procedure in which the defendant can go and make these claims. He is absolutely free to go raise a habeas petition in the District of Arizona. He's happy to direct appeal. This is a case that resulted from a guilty plea. Are you saying that if he does a habeas petition in federal district court, that the federal district court has the authority to collaterally set aside that decision? I believe that under a 2254 petition, if the defendant is perceived to be still under the terms and confinements of his conviction by virtue of the fact that he's in lifetime probation, then that 2254 habeas petition, which would call into question the validity of the underlying conviction, is the appropriate benefit or the appropriate avenue for this case. And what arguments could he make in that 2254? Well, the same arguments that Mr. Zugman has tried to make here, which is the fact that the defendant was not able to understand the consequences of his guilty plea, the fact that he didn't receive effective assistance of counsel, the fact that he may have been of low intelligence and shouldn't have been prosecuted, that there is. Is he time barred? Your Honor, given the fact that he's under lifetime probation, I don't know that he has reached a point of expiration where he couldn't. But he also could raise a writ of arum corum nobis, which was referred to in the government's briefing. The defendant has the right to potentially at least go before using Arizona rule, criminal rule of procedure 32, and seek review of his conviction there as well. The point is the defendant has done none of this. This isn't a situation where the defendant can't. Let me come back to the time bar question. Yes, Your Honor. When was the conviction entered in Arizona? I believe it was in 2006, Your Honor, is when the defendant was finally convicted. Now in 2014. Yes, Your Honor. Do you know the statute of limitations under AEDPA? No, Your Honor. I do not. I'm happy to submit additional. Oh, my God. You don't know that? It's a year. And you're saying. Oh, under. I'm sorry, Your Honor. Under AEDPA, yes. I'm aware of the anti. Yes. I'm aware of that provision. And what possible argument could he make that a Federal habeas petition under 2254 challenging that State court conviction that is now 8 years old is timely? Well, Your Honor, I don't think he gets to go around a potential statute that is in existence and even. I get that. Okay. But for you to say why doesn't he go to Federal district court in habeas as if that were realistically a remedy, you know, that's fantasy land. Fair enough. Don't sort of reassure me. Everything is going to come out okay because all he has to do is go back to Federal district court under 2254. Well, Your Honor, I merely posited that as a potential option. Again, with him being under lifetime probation, I'm not sure that his conviction. But under that argument, I'm in prison for life, and I'm sentenced. I'm convicted and sentenced 8 years ago. And I now come in and say, well, I'm in sentence for life, so the 1-year doesn't apply. That's nonsense. Well, consistent with the writ of arum corb nobis, which doesn't require, I don't believe that there's a time limit under AEDPA, Your Honor, respectfully, that would prevent the defendant from raising that collateral attack. Fundamentally, what the defendant wants to do is challenge his underlying conviction. The District of Arizona or the State of Arizona is in the best position to evaluate that. Otherwise, principles. If he's trying to get out from under this, his only option is really to go back to Arizona and try to get Arizona to vacate it and set it aside? And that's what the government's position is, Your Honor. He's not without remedy. And I do think that the. Let me ask you this. Yes, Your Honor. When the Feds caught up with him, realizing that he should have registered but did not, the Feds could have said register and let it go. Why did they? Why did the Feds bring a criminal prosecution? Well, Your Honor, I think, A, it's prosecutorial discretion, and, B, we have a defendant. I understand that's prosecutorial discretion. I'm asking why was the discretion exercised to bring a criminal proceeding against this young man? In this particular case, Your Honor, the very purpose of SORN is to prevent defendants from moving from one State to another and going off the grid. In this particular case, the evidence is undisputed that Mr. Delgado wasn't being forthcoming. He made a comment when he was arrested about trying to get off the grid. He made a comment about knowing that this came from Arizona. He, in fact, applied for a job with Sandy's Woodfire Grill, which is part of the supplemental excerpts of record, where he denied that he was a convicted felon. So this is not a defendant who thought he had exercised his rights and the time period had lapsed and just come. This was a defendant who defeated the very purpose of what SORN was meant to do, which is prevent defendants from going off the grid, from moving from one State to another without a knowledge and awareness. And even if we believe the defendant's self-serving, again, thought he only had to register until he was 25 years old, at the time he caught up with the U.S. Marshals, he was 24 and still had an obligation to register. I simply think that the defendant was tired of registering and chose to evade the law. And when we have a defendant who has been convicted of having sex with a 12-year-old who meets the very requirements of the purpose of SORN by trying to go off the grid and does that, then I think we do have the right to exercise jurisdiction. I certainly have the right. I'm not questioning that. So, again, respectfully, Your Honor, I mean, we've got the facts in this particular case support a viable Federal conviction in this case. And the equities were taken into account. As Mr. Zegman points out, Judge Lorenz, you know, was sympathetic to this particular defendant and sentenced him to time served. That doesn't mean we don't have a right to prosecute him, but when we look at the equities and the ---- I repeat, I do not challenge the right to prosecute. Okay. Thank you, Your Honor. We would, again, go back to the extent that there's principles of comedy and federalism that this court, the district court, nor should the Ninth Circuit in this procedural posture be the court to make the determination that either the conviction in the State of Arizona was bad, such that the defendant shouldn't be held responsible for a SORNA conviction, and or whether or not the State of Arizona has the right to pass laws that prohibit individuals from having sex with 12-year-olds. This is simply not the forum to do that. So unless there's any more questions from Your Honors, I'll be happy to submit on the briefing. Okay. Thank you. Thank you. Would you like another minute, Mr. Keenelty? Twenty seconds. Your Honor, they actually, they asked for a year of custody for him. Judge Lorenz gave him time served. You know, Judge Lorenz recognizes the equities. It can happen to anyone that they happen to be unsupervised, they're a 15-year-old and they make a bad decision, and now they're subject to this administrative regime. And it's wrong. Thank you. Thank you. United States v. Delgado submitted for decision.
judges: Singleton, Fletcher, Bybee